FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 27, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RYAN BEMIS, <br>             Plaintiff, <br> vs. <br> TRAVELERS INDEMNITY COMPANY, <br>             Defendant. | NO. 2:16-CV-0413-JLQ <br><br> ORDER DENYING MOTION FOR PROTECTIVE ORDER |

BEFORE THE COURT is the parties' Stipulation Re: Protective Order (ECF No. 37), which was filed as a stipulated motion and with a proposed Order.

The parties contend the proposed Order does "not confer blanket protection" over all Travelers' disclosures or responses to discovery. (ECF No. 37, p. 2). The parties' Stipulation defines "confidential" material as two general categories: 1) Travelers' Auto Knowledge Guide and "other guideline documents related to the handling of underinsured motorist and auto liability claims"; and 2) "private information regarding individual Travelers employees on matters unrelated to the claim at issue". (ECF No. 37, p. 2).

It is this court's general policy not to enter 'blanket' protective orders. The Ninth Circuit also generally disapproves of 'blanket' protective orders. See *Foltz v. State Farm Auto Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) (finding it could not sustain the district court's blanket protective order because the district court did not require a specific showing as to particular documents). Rule 26(c) provides that upon a showing of "good cause" the court may enter a protective order. "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific

ORDER - 1

prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130.

No documents have been provided to the court for a determination of whether good cause exists for a protective order. Further, the parties have not adequately described the types or kinds of discovery information they seek to protect. With the exception of the "Auto Knowledge Guide", no document is particularly described and the definition of "confidential" is overbroad as it includes "other guideline documents" and "private information." The Stipulation also appears to cover information that may not be relevant, as it covers "private information" concerning employees on "matters unrelated to the claim at issue in the case." The parties' request is for an order protecting broad categories of information designated "confidential" by the parties, without a particularized showing as to any specific document. The court therefore cannot find the good cause standard of Rule 26 has been met.

**IT IS HEREBY ORDERED:**

1. The Stipulated Motion for Protective Order (ECF No. 37) is **DENIED**.

2. The parties are free to make agreements concerning the conduct of discovery, and apparently have so agreed. The court will not enter a Protective Order without a particularized showing as to specific documents, however the denial of court participation in the agreement between the parties shall not affect the validity of the agreement as between those parties. The parties have stipulated to specific terms and conditions to maintain the confidentiality of certain documents. Should the parties have need to file any document(s) with the court, they may file the documents under seal along with a motion to seal. At that time the court will determine if it is appropriate to continue the filing of the document(s) under seal. The parties shall also comply with Fed.R.Civ.P. 5.2 concerning privacy protections for filings made with the court.

Nothing herein shall be construed as court rejection or approval of the content of the agreement of the parties as contained in the Stipulation.

**IT IS SO ORDERED.** The Clerk shall enter this Order and furnish copies to

ORDER - 2

counsel.

Dated this 27th day of December, 2017.

s/ Justin L. Quackenbush  
JUSTIN L. QUACKENBUSH  
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 3